**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: | Case No. 13-36842-KRH |
| JAMES ARTHUR LOCKHART | |
| | Chapter 13 |
| Debtor | |

SETERUS, INC. AS THE AUTHORIZED
SUBSERVICER FOR FEDERAL NATIONAL
MORTGAGE ASSOCIATION ("FANNIE MAE"),
CREDITOR C/O SETERUS, INC.

    Movant

v.

JAMES ARTHUR LOCKHART

    Debtor/Respondent

and

CARL M. BATES

    Trustee/Respondent

## MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)

SETERUS, INC. AS THE AUTHORIZED SUBSERVICER FOR FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor having an address of 1210 Columbia Road, Columbia, VA 23038 (the "Property"), for all purposes allowed by the Note (defined below), the Deed of Trust (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 & 157.

2. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on December 20, 2013.

3. A Chapter 13 Plan was confirmed on March 14, 2014.

Jason Michael Floyd, VSB# 87522
8100 Three Chopt Rd., Suite 240
Richmond, VA 23229
(804) 282-0463
Attorney for Movant

4. The Debtor executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $142,800.00 (the "Note"). A copy of the Note is attached hereto as Exhibit 2. Movant is an entity entitled to enforce the Note.

5. Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Deed of Trust are secured by the Property. The lien created by the Deed of Trust was perfected by recording of the Deed of Trust in the office of the Clerk of the Circuit Court of Cumberland County, Virginia. A copy of the recorded Deed of Trust is attached hereto as Exhibit 1.

6. The legal description of the Property is:

   ALL THAT CERTAIN PARCEL OF LAND, TOGETHER WITH IMPROVEMENTS LOCATED THEREON AND APPURTENANCES THEREUNTO APPERTAINING, SITUATE, LYING AND BEING IN THE HAMILTON DISTRICT OF CUMBERLAND COUNTY, VIRGINIA, CONTAINING 4.01 ACRES AS SHOWN AS "PARCEL B" ON A SURVEY DATED NOVEMBER 26, 2004, PREPARED BY D.C. BRADBURY #1788, A COPY OF WHICH IS RECORDED WITH DEED INSTRUMENT NO. 20050028. REFERENCE IS MADE TO THE AFORESAID SURVEY FOR A MORE PARTICULAR DESCRIPTION CONVEYED THERETO.

   TOGETHER WITH AND SUBJECT TO A PERPETUAL, NONEXCLUSIVE EASEMENT FOR INGRESS, EGRESS, AND UTILITIES, SHOWN AND DESIGNATED AS "250' X 50' ACCESS & UTILITY EASEMENT" ON THE AFORESAID PLAT OF SURVEY.

   BEING THE SAME PROPERTY CONVEYED TO JAMES A. LOCKHART, BY DEED FROM JERRY TYSON AND SHARON K. TYSON, HUSBAND AND WIFE, DATED JANUARY 10, 2005, RECORDED JANUARY 11,2005, IN THE CLERK'S OFFICE, CIRCUIT COURT, COUNTY OF CUMBERLAND, VIRGINIA, AS INSTRUMENT NO. 20050028.

7. Seterus, Inc. As the Authorized Subservicer For Federal National Mortgage Association ("Fannie Mae"), Creditor C/O Seterus, Inc. services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtain(s) a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of the Movant.

8. The Note is a negotiable instrument under Va. Code § 8.3A-104. When Chase Home Finance, LLC endorsed the Note in blank, it became payable to its bearer and enforceable by the holder of the Note. The entity in possession of the Note as of the date of this motion is the Movant. "Deeds of trust and mortgages are regarded in equity as mere securities for the debt, and whenever the debt is assigned the deed of trust or mortgage is assigned or transferred with it." *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 623 (4th Cir. 2011) (quoting *Williams v. Gifford*, 139 Va. 779 (1924)).

9. As of March 18, 2016, the outstanding amount of the Obligations less any partial payments or suspense balance is:

| | |
|---|---:|
| Unpaid Principal Balance | $128,527.63 |
| Unpaid Accrued Interest | $6,350.54 |
| Uncollected Late Charges | $2,977.64 |
| Mortgage Insurance Premiums | $0.00 |
| Taxes and Insurance Payments on behalf of Debtor | $728.61 |
| Other Costs | $589.00 |
| Less: Partial Payments | $(655.32) |
| Minimum Outstanding Obligations | $138,518.10 |

10. The following chart sets forth the number and amount of postpetition payments due pursuant to the terms of the Note that have been missed by the Debtor as of February 22, 2016:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 8 | 07/01/2015 | 02/01/2016 | $1,195.74 | $9,565.92 |

Suspense Balance:    $-900.04

**Total: $8,665.88**

11. As of February 22, 2016, the total postpetition arrearage/delinquency is $8,665.88, consisting of (i) the foregoing total of missed postpetition payments in the amount of $8,665.88, plus (ii) the following postpetition fees:[1] none.

12. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $850.00 in legal fees and $176.00 in costs.

13. The estimated value of the Property is $152,140.00. The basis for such valuation is the Debtor's Schedules.

14. Cause exists for relief from the automatic stay for the following reasons:

    a. Movant's interest in the Property is not adequately protected.

    b. Post confirmation payments required by the confirmed plan have not been made to Movant.

    WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by the Note, the Deed of Trust, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. For such other relief as the Court deems proper.

Dated: March 30, 2016                                  Respectfully Submitted,
                                                       BWW Law Group, LLC

                                                       /s/ Jason Michael Floyd
                                                       Jason Michael Floyd, VSB# 87522
                                                       BWW Law Group, LLC
                                                       8100 Three Chopt Rd. Suite 240
                                                       Richmond, VA 23229
                                                       804-282-0463
                                                       804-282-0541 (facsimile)
                                                       bankruptcy@bww-law.com
                                                       *Attorney for the Movant*

## **CERTIFICATE OF SERVICE**

      I certify that on this 30th day of March, 2016, the following person(s) were or will be served with a copy of the foregoing Motion for Relief from Automatic Stay electronically via the CM/ECF system or by first class mail, postage prepaid:

Carl M. Bates, Trustee
P.O. Box 1819
Richmond, VA 23218

James Arthur Lockhart
1210 Columbia Road
Columbia, VA 23038

Laura Taylor Alridge, Esq.
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588

                                                                     */s/ Jason Michael Floyd*
                                                                     Jason Michael Floyd